IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.           ) | Criminal No. 5:23CR50056-001 |
| ) | |
| ) | |
| JIMMY D. FANT, JR.          ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by and through the United States Attorney for the Western District of Arkansas, and for its Sentencing Memorandum, states:

Defendant, Jimmy D. Fant, Jr., objected to the guideline calculations in the PSR disputing the 2-level sophisticated means enhancement pursuant to USSG § 2B1.1(b)(10)(C) and the 2-level enhancement for substantial financial hardship pursuant to USSG § 2B1.1(b)(2)(A)(iii). These objections are without merit and the guideline calculations of the PSR are correct.

"The Government must prove by a preponderance of the evidence each of the facts necessary to establish a sentencing enhancement." *United States v. Razo-Guerra*, 534 F.3d 970, 975 (8th Cir.2008). Neither the Confrontation Clause nor the rules of evidence apply at sentencing and the court may consider any information so long as it has sufficient indicia of reliability to support its probable accuracy. *United States v. Fleck*, 413 F.3d 883, 894 (8th Cir. 2005). A fact in the PSR not specifically objected to is a fact admitted by the defendant. *United States v. Cullen*, 432 F.3d 903, 905 (8th Cir. 2006).

### The PSR Correctly Applied a Two-Level Enhancement for Sophisticated Means

The PSR assessed a two-level enhancement pursuant to U.S.S.G. §2B1.1(b)(10)(C) which provides that if "the offense … involved sophisticated means and the defendant intentionally

engaged in or caused the conduct constituting sophisticated means, increase by 2 levels." "The sophisticated-means enhancement is proper when the offense conduct, viewed as a whole, was notably more intricate than that of the garden-variety [offense]." *United States v. Jenkins*, 578 F.3d 745, 751 (8th Cir. 2009) (alteration in original) (internal quotation marks omitted). That a scheme involved "sophisticated means" is a factual finding reviewed for clear error. *United States v. Beckman*, 787 F.3d 466, 496 (8th Cir. 2015).

Although there is no mechanical test to determine whether a scheme is sufficiently sophisticated to qualify for the enhancement, factors that the court may consider include the overall length of the scheme and the use of forged or false documents. *United States v. Theodore*, No. 22-3532, 2023 WL 6620325, at *1 (8th Cir. Oct. 11, 2023)(Citing *United States v. Meadows*, 866 F.3d at 917-18 (8th Cir. 2017). "Even if any single step is not complicated, repetitive and coordinated conduct can amount to a sophisticated scheme." *United States v. Fiorito*, 640 F.3d 338, 351 (8th Cir. 2011)(Quoting *United States v. Bistrup*, 449 F.3d 873, 882 (8th Cir.2006). *See also United States v. Finck*, 407 F.3d 908, 915 (8th Cir. 2005).

In holding the enhancement properly applied in *Fiorito*, the Eighth Circuit stated, *"*To be sure, the basic element of Fiorito's scheme—intercepting and stealing the victim's proceeds check—was relatively simple. However the scheme as a whole spanned three years and at least eleven victims and certainly involved 'repetitive and coordinated conduct.'" *Fiorito*, 640 F.3d 351.

In this case, Fant's fraud involved multiple victim entities, multiple schemes, extended over a long period, and involved repeated and numerous fraudulent submissions and transactions. Over a period of 8 years and 5 months, from August 2014[1] to December 2022, Fant on an almost

---

[1] PSR ¶ 15 mistakenly states that the commission scheme began in 2013 while PSR ¶ 26 correctly shows the commission scheme began in August 2014.

bi-weekly basis submitted fraudulent information to Isolved, the company handling payroll for White River Hardwood and Woodworking, Inc. ("White River"). The submissions falsely claimed that Fant had earned a specified commission for a particular pay period when Fant was a salaried employee not entitled to commissions. Doc. 8 Plea Agreement ¶ 9d-f. The amount of the fictitious commission was very specific, e.g. $44,659.31 for December 2022, and escalated over time totaling $3,921,184 by the time Fant left his employment with White River. Id. at ¶ 9f-g. Fant's scheme depended on his knowledge of and ability to manipulate the Isolved payroll system and his role as the sole point of contact between Isolved and White River. *Id.* at ¶ 9d.

Fant's fraud also involved other schemes and two additional entities. Fant made numerous unauthorized transfers from the White River bank account totaling $69,124.88 from October 2016 to November 2022 to pay his 401k contributions and totaling $85,076.31 from January 2016 to January 2023 to repay loans which Fant had taken on his 401k account. PSR ¶ 30-31. Fant also made numerous unauthorized and fraudulent transfers to his bank account totaling $813,742.97 from the Matrix Investment LLC account from January 2020 to January 2023 and $317,419.60 from the Castle Dromborg LLC account from February 2021 to January 2023. PSR ¶ 32-33. These facts establish a multifaceted scheme occurring over a more than 8-year period involving repeated transactions and misrepresentations made possible by Fant's knowledge and manipulation of the payroll system and the overall business activities of the victim entities. These facts clearly support the application of a sophisticated means enhancement.

**The PSR Correctly Applied a Two-Level Enhancement for Financial Hardship**

The PSR assessed a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(iii) which provides if the offense "resulted in substantial financial hardship to one or more victims, increase by 2 levels." In determining whether the offense resulted in substantial financial hardship

to a victim, the court shall consider, among other factors, whether the offense resulted in the victim— (i) becoming insolvent; (ii) filing for bankruptcy under the Bankruptcy Code (title 11, United States Code); (iii) suffering substantial loss of a retirement, education, or other savings or investment fund; (iv) making substantial changes to his or her employment, such as postponing his or her retirement plans; (v) making substantial changes to his or her living arrangements, such as relocating to a less expensive home; and (vi) suffering substantial harm to his or her ability to obtain credit. U.S.S.G. § 2B1.1 cmt. n.4(F). These factors are non-exclusive, and the district court may consider factors outside those enumerated in the commentary to the Guidelines. *United States v. Piper*, No. 20-1867, 2021 WL 5088709, at *3 (6th Cir. Nov. 2, 2021).

The district court has broad discretion courts in determining whether the harm to a victim was "substantial." *See United States v. Brandriet*, 840 F.3d 558 (8th Cir. 2016); *United States v. Poulson*, 871 F.3d 261, 268 (3rd Cir. 2017); *United States v. Castaneda-Pozo*, 877 F.3d 1249, 1252–53 (11th Cir. 2017); *United States v. Minhas*, 850 F.3d 873, 877–79 (7th Cir. 2017). The district court's application of the substantial financial hardship enhancement is reviewed for clear error. *Brandriet*, 840 F.3d at 561.

The unobjected to facts of PSR ¶ 21 support the substantial financial hardship enhancement. Fant's theft of over $5.2 million from small family-owned businesses hindered the ability of the owners from getting out of debt, caused them to take a loan against their retirement to provide funds for the business, and hindered the success and growth of White River, a business that the owners had invested their life in. PSR ¶ 11. These facts clearly support the substantial financial hardship enhancement.

## Conclusion

Based on the foregoing, Fant's objections to the PSR should be overruled.

Respectfully submitted,

David Clay Fowlkes
United States Attorney

By: */s/ Kenneth Elser*

Kenneth P. Elser
Assistant U.S. Attorney
Arkansas Bar No. 89184
414 Parker Avenue
Fort Smith, Arkansas 72901
479-783-5125
E-mail: Kenny.Elser@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Kenneth P. Elser, Assistant U. S. Attorney for the Western District of Arkansas, hereby certify that on this 20th day March 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing and that a copy of the foregoing was also sent via email to the following:

Joe Alfaro, Attorney for the Defendant, joe_alfaro@fd.org
Alma Y. Calderon, United States Probation Officer, Alma_Calderon@arwp.uscourts.gov

*/s/ Kenneth Elser*
Kenneth P. Elser
Assistant U.S. Attorney